IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | 8:07CR260 |
| Plaintiff,     ) | |
| ) | |
| v.     ) | |
| ) | ORDER |
| TARVORIS ORASTIN HARPER,     ) | |
| ) | |
| Defendant.     ) | |
| ) | |

      This matter is before the court on the defendant's motion for production of records and request for appointment of advisory counsel, Filing Nos. 41 & 42.  The court notes that the time for a direct appeal has expired.  The defendant was sentenced on February 15, 2008, and judgment was entered on February 25, 2008.  The defendant has not filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255.

      Under 28 U.S.C. § 2250, if a petitioner has been permitted to prosecute a petition for a writ of habeas corpus in forma pauperis, "the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."  28 U.S.C. § 2250.  The statute contemplates the filing of a motion for collateral review of a conviction before free copies of the record are furnished to the moving party.  *See Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (stating that any request for a free transcript prior to the filing of a section 2255 complaint is premature); *United States v. Herrera-Zaragosa*, 84 Fed. App'x 728, 729 (8th Cir. 2004) (per curiam) (unpublished opinion).  Further, under 28 U.S.C. § 753(b), access to materials such as a transcript is not constitutionally required until after a judicial certification that

access is required to decide issues presented in a pending, non-frivolous case. *Chapman*, 55 F.3d at 391; 28 U.S.C. § 753(b). Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides funds for a transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Chapman*, 55 U.S. at 391. Accordingly, before the court will consider a request for copies, the defendant must file a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

In his motion for appointment of counsel, defendant states that he wishes to proceed *pro se*, but requests the appointment of standby counsel. That motion is also premature at this time. The motion is subject to reassertion after defendant files his § 2255 motion, and the court will consider appointment of standby counsel at that time.

IT IS ORDERED:

1. The defendant's motion for production of records, documents and transcripts (Filing No. 41) is denied.

2. The defendant's motion for appointment of standby counsel (Filing No. 42) is denied.

3. The Clerk of Court is directed to mail to the defendant at his last known address the forms and instructions for instituting a proceeding under 28 U.S.C. § 2255 and for requesting leave to proceed in forma pauperis.

DATED this 9th day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge